IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BRANDON BONNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 114-203 |
| | ) |
| ANTWAN SMYRE, | ) |
| | ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Valdosta State Prison ("VSP") in Valdosta, Georgia, commenced the above-captioned civil rights case *pro se* and is proceeding *in forma pauperis* ("IFP"). Plaintiff filed a motion requesting a preliminary injunction and a temporary restraining order. (Doc. no. 37.) The Certificate of Service states that Plaintiff served Defendant by mailing the motion to the Clerk of Court. Because it is not clear that Plaintiff served his motion on the opposition but it is clear that he is not entitled to the relief he seeks, the Court finds it appropriate to rule on Plaintiff's motion without further delay.

**I.  DISCUSSION**

Plaintiff alleges all manner of mistreatment at his current place of incarceration, VSP. (See generally id.) He states that he is not receiving all of his meals, has had his mail tampered with by prison officials, is housed in an uncomfortably hot cell, has had his personal property confiscated, and has been denied access to books, educational classes, and contact visits. (Id.) In his one page motion that is notably devoid of any specific details about the circumstances of

these alleged problems, Plaintiff asks that the Court order prison officials to stop the mistreatment and transfer him to a more suitable prison. (Id.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not met his burden of persuasion as to all four of these requirements. First, Plaintiff has not shown a likelihood of success on the merits. Because Plaintiff is proceeding IFP, the Court screened his complaint. (See doc. no. 15.) The Court allowed Plaintiff to go forward with an Eighth Amendment claim against Defendant Smyre based on allegations of use of excessive force at Augusta State Medical Prison in Grovetown, Georgia, on November 18, 2013. (See id.) Therefore, there is only one Defendant before the Court, and this case is concerned solely with the allegations concerning use of force at ASMP on November 18, 2013.

All of Plaintiff's current allegations of mistreatment forming the basis for his request for injunctive relief are directed against prison officials at VSP in Valdosta, Georgia. As this case concerns events that allegedly occurred in Grovetown, Georgia, and Plaintiff is complaining about events that allegedly occurred in Valdosta, Georgia, there is no possibility of Plaintiff

2

succeeding on the merits of his current allegations in this Court.

Second, officials at VSP are not within this Court's jurisdiction. The only named Defendant in this case has no control over Plaintiff's treatment at VSP. Valdosta is located in Lowndes County, Georgia, situated in the Middle District of Georgia. No official at VSP has ever been served or made an appearance in this case proceeding in the Southern District of Georgia. Accordingly, this Court does not have authority to direct VSP officials to take any action with respect to Plaintiff. See Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 925 (11th Cir. 2003).

Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's requests for injunctive relief. See Jefferson County, 720 F. 2d at 1519. Thus, Plaintiff is not entitled to the relief he seeks.

## II. CONCLUSION

In sum, Plaintiff has failed to satisfy all of the required elements for obtaining the injunction he seeks. Plaintiff has not shown a likelihood of success on the merits, and importantly, this Court does not have jurisdiction over any prison official at VSP. Thus, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief be **DENIED**. (Doc. nos. 37-1, 37-2.)

SO REPORTED and RECOMMENDED this 20th day of August, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA