IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRANDON BONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-203 |
| | ) | |
| ANTWAN SMYRE, Sergeant, Augusta State Medical Prison, and OFFICER ZISHLER, Augusta State Medical Prison, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate incarcerated at Valdosta State Prison in Valdosta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. PROCEDURAL BACKGROUND

The Court screened the original complaint and directed service of process to be effected on Defendant Antwan Smyre based on claims of use of excessive force. (See doc. no. 15.) When Plaintiff subsequently attempted to amend his complaint in a procedurally improper manner, the Court explained Plaintiff should be allowed to amend his complaint,

but not in a piecemeal fashion. (See doc. no. 35.) The Court further explained that if Plaintiff intended to amend the controlling pleading in this case, he must submit a complete amended complaint that would supersede and replace entirely his original complaint. (Id. at 2-3.) Although Plaintiff's amended complaint did not reach the Court by the deadline for amending, using Plaintiff's signature date of August 16, 2015 and granting him the benefit of the "mailbox rule," the Court will accept and screen the amended complaint. See Houston v. Lack, 487 U.S. 266, 276 (1988) (deeming prisoner document filed on the date of delivery to prison officials for mailing); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Unless there is evidence to the contrary . . . we assume that a prisoner's motion was delivered to prison authorities on the day he signed it.").

## II. SCREENING OF THE AMENDED COMPLAINT

Plaintiff names the following as Defendants in this case: (1) Antwan Smyre, Sergeant, ASMP, and (2) FNU Zishler, Officer at ASMP on November 18, 2013. (Doc. no. 43.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On November 18, Plaintiff and Defendant Smyre got into a physical altercation when Defendant thought he saw Plaintiff with a cell phone and told Plaintiff he was going to be searched. (Id. at 5.) Plaintiff did not want to be searched and explained to Defendant Smyre that he had a radio, not a cell phone. (Id.) When Plaintiff attempted to show Defendant Smyre the radio, he sprayed Plaintiff with pepper spray and put him in a choke hold. (Id.) Plaintiff struggled to free himself from Defendant Smyre, at which time Defendant Zishler allegedly punched Plaintiff in the face twice and told Plaintiff to "cuff up," which he did.

(Id.) Defendant Smyre then took Plaintiff to a hallway, where he proceeded to hit Plaintiff in the head with a radio and punch him, while Defendant Zishler kicked Plaintiff and put his foot on Plaintiff's neck. (Id.) Plaintiff was then taken to the emergency room, where he received stitches above his left eye and found out that he had a fractured throat and bruised ribs. (Id.) Plaintiff seeks monetary damages and the return of his good conduct time and other privileges he lost after receiving a disciplinary report related to his altercation with Defendants Smyre and Zishler. (Id. at 6.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff has arguably stated an Eighth Amendment claim against Defendants Smyre and Zishler for use excessive force. See Hudson v. McMillian, 503 U.S. 1, 6 (1992).

## III. INSTRUCTIONS

Because the Court previously directed service of process on Defendant Smyre, and he is already represented by counsel, the Court need not repeat the entirety of the instructions regarding case progression first provided to Plaintiff on January 27, 2015. (See doc. no. 15.) However, the Court notes that Plaintiff's amended complaint does not contain a certificate of service and re-iterates to Plaintiff that he must serve a copy of every further pleading or other document submitted to the Court upon the defense. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to Defendants of their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Failure to include an appropriate certificate of service on any future filing may result in summary denial of any request

3

for action that may be in that filing. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion).

Because it is not clear that Plaintiff served his amended complaint on defense counsel, Defendant Smyre shall have fourteen days from the date of this Order to answer the amended complaint. See Fed. R. Civ. P. 15(a)(3).

As to Defendant Zishler, **IT IS HEREBY ORDERED** that service of process shall be effected on him. Because discovery is currently set to close in this case on September 30, 2015, (see doc. no. 25), and thus time is of the essence in serving the new Defendant in this case, the Court **DIRECTS** the **MARSHAL** to first contact Defendant Smyre's attorneys to inquire whether they will accept service of process for Defendant Zishler. If they are not able to accept service, the United States Marshal shall mail a copy of the amended complaint (doc. no. 43) and this Order by first-class mail and request that Defendant Zishler waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

waiver.[2] Fed. R. Civ. P. 4(d)(3). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendant Zishler to effect service. The Marshal shall notify the Court in writing within thirty days of the date of this Order as to the status of service efforts on Defendant Zishler.

## IV. CONCLUSION

Plaintiff's amended complaint (doc. no. 43) supersedes and replaces in its entirety the previous complaint filed by Plaintiff. See Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011). The Court has herein screened Plaintiff's amended complaint in conformity with the IFP statute. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff has arguably stated an Eighth Amendment claim against Defendants Smyre and Zishler for use of excessive force. Because it is not clear that Plaintiff served his amended complaint on defense counsel, Defendant Smyre shall have fourteen days from the date of this Order to answer the amended complaint. See Fed. R. Civ. P. 15(a)(3). The Marshal shall expeditiously effect service of process on Defendant Zishler as described herein and inform the Court in writing within thirty days as to the status of service on this new Defendant.

SO ORDERED this 27th day of August, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Service on this new Defendant must be effected within 120 days of the date of this Order, and the failure to do so may result in the dismissal of Defendant Zishler. Fed. R. Civ. P. 4(m).