IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRANDON BONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-203 |
| | ) | |
| ANTWAN SMYRE, Sergeant, Augusta State Medical Prison, and OFFICER ZISHLER, Augusta State Medical Prison, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate at Valdosta State Prison in Valdosta, Georgia, is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Augusta State Medical Prison in Grovetown, Georgia. The matter is now before the Court on Plaintiff's "Motion for an Order Compelling Discovery." (Doc. no. 45.) The Certificate of Service states that Plaintiff served Defendants by mailing the motion to the Clerk of Court. Because it is not clear that Plaintiff served his motion on the opposition but it is clear that he is not entitled to the relief he seeks, the Court finds it appropriate to rule on Plaintiff's motion without further delay.

Plaintiff's motion is one paragraph and states simply that he served requests for production of documents on Defendant Smyre on July 13, 2015, but has not received any response. Plaintiff has not attached a copy of his discovery requests. Nor has he attached a

certification that he has attempted in good faith to resolve the problem with defense counsel prior to seeking Court intervention. Plaintiff also seeks $195.00 in expenses for having to file his motion.

The Local Rule that governs the filing of a motion to compel provides:

**LR 26.5 Discovery Motions and Objections.** Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:

(a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;

(b) include the specific ground for the motion or objection; and

(c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.

Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

Loc. R. 26.5.

Here, Plaintiff completely fails to comply with the Local Rule in that he did not attach a copy of his discovery requests, and he did not attach a certification that he has made a good faith effort to resolve the dispute before seeking Court intervention. Plaintiff also violated another Local Rule, 5.1, by not serving his discovery motion on defense counsel. Plaintiff's motion in no way complies with the Local Rules, and therefore the Court **DENIES** the motion, (doc. no. 45). See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in

good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion); see also Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion).

SO ORDERED this 4th day of September, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.