IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BRANDON BONNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 114-203 |
| ) | |
| ANTWAN SMYRE, Sergeant, Augusta ) | |
| State Medical Prison, and ) | |
| OFFICER ZISHLER, Augusta State ) | |
| Medical Prison, ) | |
| ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, incarcerated at Valdosta State Prison ("VSP") in Valdosta, Georgia, at the time he commenced this case, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendant Antwan Smyre's motion to dismiss for failure to prosecute. (Doc. no. 52.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**, this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

I.  **BACKGROUND**

In the complaint, filed on October 20, 2014, Plaintiff raised claims based on use of excessive force at Augusta State Medical Prison ("ASMP") in 2013. (Doc. no. 1.) In the

October 28, 2014 Order granting Plaintiff permission to proceed IFP, the Court cautioned Plaintiff "<u>that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case, without prejudice</u>." (Doc. no. 9, pp. 3-4 (emphasis in original).)

Next, the Court screened the complaint, resulting in dismissal of the Georgia Department of Corrections and the United States Marshal effecting service of process on Defendant Smyre. (Doc. nos. 15-18.) In the January 27, 2015 Order screening the complaint, the Court again warned Plaintiff, "While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case." (Doc. no. 15, p. 4.) On August 7, 2015, the Court granted Plaintiff's unopposed motion to amend his complaint, and upon screening, the Court directed the United States Marshal to effect service of process on Defendant Zishler, another correctional officer allegedly involved in 2013 the use of force incident at ASMP. (Doc. nos. 34, 35, 43, 44.) On September 30, 2015, the Marshal notified the Court that service had not yet been effected on Defendant Zishler. (Doc. no. 51.)

On August 31, 2015, Plaintiff filed a motion to compel discovery from Defendant Smyre, containing a signature date of August 24, 2015 and listing his current address as VSP. (Doc. no. 45.) On September 22, 2015, Defendant Smyre filed a motion to compel discovery, explaining discovery served on Plaintiff on June 29, 2015, had not been responded to and that the good faith letter sent in an attempt to resolve the discovery dispute had also not been answered. (Doc. no. 49.) Defendant Smyre also requested an extension of the discovery period. (Doc. no. 50.) Both motions were served on Plaintiff using the address of record, VSP. In the meantime, defense counsel also sought to take Plaintiff's deposition at

2

VSP. (Doc. nos. 36, 40.) However, when defense counsel arrived at VSP on September 30, 2015, to take Plaintiff's deposition, she was informed by prison officials that "Plaintiff was transferred at some point in August." (Doc. no. 52-1, p. 3.)

Defendant Smyre then filed the current motion to dismiss, arguing that because Plaintiff has not kept the Court and opposing counsel informed of a current address, in contravention of two direct orders from the Court to do so, the case should be dismissed. (Doc. no. 52.) Defense counsel attached to the motion a picture from the Georgia Department of Corrections web site showing that Plaintiff was incarcerated at Hancock State Prison ("HSP"), but the Court was never informed of a change of address. Defense counsel served the motion on Plaintiff at HSP.

Only upon the filing of a motion to dismiss did Plaintiff decide to take some action to attempt to explain his failure to comply with the Court's clear instruction, delivered twice, to immediately inform the Court of a change of address and to keep defense counsel informed of his address. According to Plaintiff, he had an "emergency" transfer to HSP on August 24, 2015, the same day he signed his motion to compel. (Doc. no. 45, 54.) Plaintiff does not explain what the emergency was, but he claims that all of his legal material was confiscated upon his arrival at HSP. (Doc. no. 54, p. 2.) However, the Personal Property Inventory Sheet Plaintiff attached to his opposition shows that upon his arrival at HSP, he did not claim to have any legal material. (Id. at 12.)

Plaintiff further asserts that it takes two weeks upon arrival at HSP to obtain writing supplies, but he was able to get another inmate to write a letter for him on September 23, 2015, that informed defense counsel of his transfer to HSP. (Id.) He also claims that his September 23rd letter explained to defense counsel that he had information responsive to the

3

discovery that had been served nearly three months earlier on June 29th. (Id.) Plaintiff concludes his opposition to the motion to dismiss by asking the Court to set a time for him to provide his discovery responses that are now over two months past due and by claiming that it is not his fault that defense counsel went to VSP to depose Plaintiff after he had already been moved to HSP. (Id. at 2.) The Certificate of Service for the opposition to the motion to dismiss states only that Plaintiff served the motion on the Clerk of Court, not, as Plaintiff has been instructed numerous times, (doc. nos. 15, 30, 32, 41), on defense counsel. (Doc. no. 54, p. 4.)

Plaintiff did not, however, inform the Court of a change of address until October 23, 2015, (doc. no. 55), nearly two months after his transfer from VSP and one month after sending a letter to defense counsel.

## II. DISCUSSION

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Additionally, the Local Rules

also permit a judge to dismiss an action for want of prosecution for "[w]illful disobedience or neglect of any order of the Court." Loc. R. 41.1(b). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff failed to comply with the Court's October 28th and January 27th Orders directing him to notify the Court immediately of any change in address. Plaintiff was also warned in both Orders that noncompliance could result in dismissal of his case. Yet, Plaintiff transferred prisons without any notification to the Court or defense counsel. Indeed, Plaintiff concedes that he did not even attempt to notify defense counsel of his transfer until after he received mail from counsel that had been forwarded from VSP to HSP. (Doc. no. 54, pp. 2, 5.)

Even if the Court were to accept Plaintiff's explanation that it took two weeks upon arrival at HSP to receive writing materials, he could have notified opposing counsel and the Court of his new address starting as early as September 7th. He did nothing until weeks later upon realizing defense counsel had been fruitlessly pursuing discovery. Even now, Plaintiff continues to delay by asking the Court to set a new deadline for providing discovery that he claims to already have but is at least two months past due.

Although it may be true that Plaintiff did not have any control over his transfer, he did have control over complying with the Court's Orders instructing him to keep his address current with the Court and opposing counsel. Likewise, he has control over serving his court filings on opposing counsel and attaching an appropriate certificate of service, but he

continues to ignore that order of the Court as well. As described above, Plaintiff has been repeatedly warned that his case would be dismissed he failed to keep his address current. His belated compliance that comes only in response to a request for dismissal does not save his case. Indeed, *pro se* litigants are not excepted from conforming to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

Plaintiff's conduct in this case is precisely the type of neglect contemplated by the Local Rules. The Court also finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff is proceeding IFP. Therefore, dismissal is warranted under Loc. R. 41.1 for want of prosecution.

## III. CONCLUSION

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. Accordingly, for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant Smyre's motion to dismiss be **GRANTED**, (doc. no. 52), this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**. In light of this recommendation, the Court also **REPORTS** and **RECOMMENDS** that Defendant Smyre's motion to compel discovery and motion to extend the discovery deadline be **DENIED AS**

---

[1]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

**MOOT**, (doc. nos. 49, 50), and that the Marshal not be required to effect service of process on Defendant Zishler.

SO REPORTED and RECOMMENDED this 26th day of October, 2015, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA